# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 24-cv-01505-NYW-SBP

SAVANT HOLSTEINS,

    Plaintiff,

v.

TLS CONSTRUCTORS, LLC,
SCHRUMS TRANSPORT, LLC,
TIMOTHY CHILDERS JR.,
DEBRA CHILDERS, and
JESSICA SCHRUM,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Second Motion for Default Judgment of All Defendants (the "Motion" or "Motion for Default Judgment"). [Doc. 36]. Upon review of the Motion, the record before the Court, and the applicable case law, the Motion for Default Judgment is respectfully **DENIED without prejudice**.

## BACKGROUND

Plaintiff Savant Holsteins ("Plaintiff") provides loans and equipment leases—focusing on trucking and agricultural equipment—to small businesses. [Doc. 14 at ¶ 1]. Between May 2018 and June 2019, Plaintiff leased a trailer and a tractor to Defendant TLS Constructors, LLC ("TLS"). [*Id.*]. Those leases were co-signed by Defendant Schrums Transport, LLC ("Schrums") and were guaranteed by Defendants Timothy Childers, Debra Childers, and Jessica Schrum. [*Id.*]. According to Plaintiff, Timothy and

Debra Childers "own and operate" TLS, and Jessica Schrum "owns and operates" Schrums. [*Id.* at ¶¶ 7–8].

With respect to the tractor lease, Plaintiff alleges that payment issues arose almost immediately, and Defendants defaulted on the lease by January 2019. [*Id.* at ¶¶ 25–29]. In addition, after the tractor was damaged and required repairs, Timothy Childers represented to Plaintiff that he could repair the tractor; as such, Plaintiff paid Timothy Childers over $76,000 for tractor repairs in early 2022. [*Id.* at ¶¶ 29–31]. And on or about October 26, 2022, Plaintiff lent more money—over $27,000—to TLS for tractor repairs, and this loan was memorialized by a promissory note. [*Id.* at ¶ 39]. After Plaintiff repossessed the tractor in early 2024, Plaintiff learned that the tractor was never repaired. [*Id.* at ¶¶ 33–34]. Plaintiff also believes that Timothy Childers sold components of the tractor, in violation of the lease. [*Id.* at ¶ 35]. The promissory note has accrued nearly $11,000 in late fees and failed payments. [*Id.* at ¶ 41].

Meanwhile, the trailer lease was scheduled to be paid in full by January 2021. [*Id.* at ¶ 51]. It was not fully paid off until approximately a year later. [*Id.*]. And although Defendants never exercised their purchase option for the trailer, Defendants have actively thwarted Plaintiff's efforts to regain possession of the trailer despite the conclusion of the lease. [*Id.* at ¶¶ 52–53].

Plaintiff initiated this lawsuit on May 29, 2024, [Doc. 1], and filed its Amended Complaint on August 9, 2024, [Doc. 14]. It asserts three breach of contract claims, alleging breaches of (1) the trailer lease, (2) the tractor lease, and (3) the promissory note. [*Id.* at 11–13]. Plaintiff obtained a clerk's entry of default on October 18, 2024, [Doc. 34], and now seeks default judgment against all Defendants pursuant to Rule 55, [Doc. 36].

**LEGAL STANDARD**

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. "[T]he entry of a default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Before entering default judgment, the Court must determine whether it has jurisdiction over the case, and if it does, whether the well-pleaded factual allegations in the complaint and any attendant affidavits or exhibits support judgment on the claims against the defendant. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *see also Magic Carpet Ski Lifts, Inc. v. S&A Co.*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *5 (D. Colo. 2015) ("There must be a sufficient basis in the pleadings for the judgment entered." (quotation omitted)). If the Court lacks jurisdiction—either subject matter jurisdiction over the action or personal jurisdiction over the defendant(s)—then default judgment cannot enter. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (emphasis and quotation omitted)).

"After an entry of default, a defendant cannot defend a claim on the merits." *Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1148 (D. Colo. 2014); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). But a party in default does not admit conclusions of law, only allegations of fact. *Bixler*, 596 F.3d at 762; *Big O Tires*, 2017 WL 2263079, at *3.

3

## ANALYSIS

I.  **Subject Matter Jurisdiction**

The Amended Complaint asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 14 at ¶ 9]. However, the present allegations are insufficient for the Court to assure itself of subject matter jurisdiction over this case.

For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined not by its state of organization or its principal place of business, but by the citizenship of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Here, Plaintiff alleges that TLS and Schrums are both "Colorado limited liability compan[ies]" with their principal places of business in Colorado. [Doc. 14 at ¶¶ 5–6]. In addition, Plaintiff identifies itself as "Savant Holsteins, LLC" in its Amended Complaint, *see* [*id.* at 1 (capitalization altered)], and alleges that it is "a California stock corporation with its principal place of business" in California, [*id.* at ¶ 4].[1]

Plaintiff's allegations are insufficient to establish its own citizenship or the citizenship of TLS and Schrums. *Siloam Springs Hotel*, 781 F.3d at 1237–38. To meet the requirements of § 1332, Plaintiff must affirmatively identify its members, as well as the members of TLS and Schrums, and provide the Court with the citizenship information

---

[1] The Court notes, however, that Plaintiff previously identified itself as a corporation in the caption of its original Complaint (but simultaneously identified itself as a limited liability company in the original Complaint's body). *See* [Doc. 1 at 1]. The lack of clarity about Plaintiff's corporate structure hinders this Court's ability to determine its jurisdiction. *See Herman v. PBIA & Co.*, No. 19-cv-00584-PAB, 2019 WL 1594253, at *2 (D. Colo. Apr. 15, 2019) (explaining that this information is "critical to the Court's jurisdictional analysis" due to the different rules for determining citizenship of different types of entities).

for each member.[2]  *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) ("Allegations supporting diversity jurisdiction must be pleaded affirmatively."); *Safeway Stores 46 Inc. v. WY Plaza LC*, No. 20-8064, 2021 WL 5343964, at *1 (10th Cir. Oct. 28, 2021) (remanding case to district court where the briefing failed to identify limited liability company members and thus "lack[ed] the information necessary for [the court] to ascertain whether complete diversity exists"); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.").

   Plaintiff's allegations regarding the citizenship of Timothy Childers, Debra Childers, and Jessica Schrum are inadequate, too.  Plaintiff alleges that the individual Defendants all reside in Fort Morgan, Colorado.  [Doc. 14 at ¶¶ 7–8].  However, "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  Residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)), and only the latter is determinative of a party's citizenship, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes

---

[2] Plaintiff's allegations that the individual Defendants own and operate the entity Defendants are insufficient to meet this requirement.  *See* [Doc. 14 at ¶¶ 7–8].  Plaintiff does not allege that the individual Defendants are the *sole* members of the entity Defendants, *see* [*id.*], and it is unclear to the Court whether "owner" is the equivalent of "member" for diversity purposes, *see Storm River, LLC v. Jordan Foster Constr., LLC*, No. 24-cv-00327-WJ-JFR, 2024 WL 3202355, at *2 (D.N.M. June 27, 2024) (discussing split in authority).

5

of establishing diversity."). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith*, 445 F.3d at 1260. Accordingly, Plaintiff's allegations are insufficient to establish any of the individual Defendants' state(s) of citizenship.

Because the Court cannot determine whether it has subject matter jurisdiction over this action, the Court finds it appropriate to deny the Motion for Default Judgment without prejudice, with leave for Plaintiff to make a sufficient showing of the Court's jurisdiction. *See A&J Logistics, LLC v. CFG Merch. Sols., LLC*, No. 24-cv-00961-RMR-MEH, 2024 WL 4696092, at *4 (D. Colo. Nov. 6, 2024) (denying motion for default judgment for failure to allege facts to establish diversity jurisdiction); *PMW, LLC v. ANKC San Francisco, LLC*, No. 23-cv-02785-PAB-STV, 2024 WL 4267878, at *12 (D. Colo. Sept. 23, 2024) (same). Accordingly, the Court will **ORDER** Plaintiff to **SHOW CAUSE** within 14 days of this Order why this case should not be dismissed for lack of subject matter jurisdiction.

## II.   Service

Aside from its inability to determine subject matter jurisdiction, the Court also has concerns about whether all Defendants were properly served in this case. Plaintiff filed returns of service purporting to reflect that all Defendants were served with a copy of the original Complaint in June 2024. [Doc. 8; Doc. 9; Doc. 10; Doc. 11; Doc. 12]. The Childerses and TLS were purportedly served "by refusal" under Rule 4(k) of the Colorado Rules of Civil Procedure and by leaving a copy of the summons and Complaint at the Childerses' home. *See* [Doc. 8-1; Doc. 9-1; Doc. 10-1]; *see also* Colo. R. Civ. P. 4(k). Assuming all Defendants were properly served, Defendants' answer deadlines came and

went, but Plaintiff did not seek entry of a clerk's entry of default at that time. Instead, Plaintiff filed its Amended Complaint on August 9, 2024. [Doc. 14]. On August 27, 2024, Plaintiff filed returns of service reflecting that Jessica Schrum and Schrums were served on August 20, 2024. [Doc. 20; Doc. 21]. On September 13, 2024, Plaintiff filed *unexecuted* returns of service on Timothy Childers and Debra Childers. *See* [Doc. 26 at 3 (for Debra Childers, stating "Left card white Mercedes in driveway . . . no answer @ door [sic]"); Doc. 27 at 1 (for Debra Childers, stating "[t]he papers could not be served"); Doc. 28 at 3 (for Timothy Childers, stating service was made "by posting" and stating "Left card")].

First, the Court considers whether Plaintiff was required to serve the Amended Complaint on Defendants, which Plaintiff does not address in its Motion for Default Judgment. Rule 5 states that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Although all Defendants failed to respond to the original Complaint, Defendant did not seek and obtain entry of default until October 2024, well after it filed the Amended Complaint. *See* [Doc. 34; Doc. 35]. Thus, it is unclear whether any Defendants were "in default" after failing to answer the original Complaint. *See Allstate Indem. Co. v. Burch*, No. 11-cv-00733-GKF-TLW, 2012 WL 12893088, at *1 (N.D. Okla. Nov. 16, 2012) (defendants were not yet in default for failure to appear where plaintiff never moved for entry of default). Moreover, the Amended Complaint added a breach of contract claim against Defendants Timothy Childers, Debra Childers, Jessica Schrum, and Schrums. *See* [Doc. 14-2 at 12].

7

Accordingly, it appears for at least those four Defendants, service of the Amended Complaint under Rule 4 was required.

Plaintiff, however, has not demonstrated proper service of the Amended Complaint on all Defendants. In the Motion for Default Judgment, Plaintiff asserts that "Defendants Debra Childers, Timothy Childers, and TLS Constructors, LLC, were served the Amended Complaint and Summons either pursuant to Fed. R. Civ. P. Rule 4(e)(2)(A) and Fed. R. Civ. P. Rule 4(h)(1)(B), or pursuant to C.R.C.P. 4(j) [sic],[3] on September 11, 2024." [Doc. 36 at 4]. But Plaintiff cannot cite to a number of different procedural rules as potential avenues for proper service and ask the Court to independently research whether its attempts at service complied with one or more of these rules. *Compare* Fed. R. Civ. P. 4(e)(2)(A) (stating that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally"), *with* Colo. R. Civ. P. 4(k) ("If a person to be served refuses to accept a copy of the process, service shall be sufficient if the person serving the process knows or has reason to identify the person who refuses to be served, identifies the documents being served, offers to deliver a copy of the documents to the person who refuses to be served, and thereafter leaves a copy in a conspicuous place."); *see also Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016) (observing that a district court "ha[s] no obligation to sua sponte construct an argument for" a party). If Plaintiff believes service was proper, it must articulate a legal basis for that belief with supporting argument and legal authority.

---

[3] Rule 4(j) of the Colorado Rules of Civil Procedure addresses amendment of proof of service. *See* Colo. R. Civ. P. 4(j). The Court thus assumes that Plaintiff intends to cite Rule 4(k), which addresses refusal to accept service. *See* Colo. R. Civ. P. 4(k).

To the extent Plaintiff attempts to "incorporate[] its statements regarding the service of Defendants Debra Childers, Timothy Childers, and TLS . . . [made] in Plaintiff's Second Motion for Entry of Default of All Defendants [(the "Motion for Default")] pursuant to F.R.C.P. 10(c)" into its Motion for Default Judgment, *see* [Doc. 36 at 4], this is improper. Although Rule 10 permits a party to incorporate by reference "[a] statement in a <u>pleading</u>," Fed. R. Civ. P. 10(c) (emphasis added), a motion is not a pleading, *see* Fed. R. Civ. P. 7(a). In addition, Plaintiff's attempt to incorporate at least 8 pages from its Motion for Default into its Motion for Default Judgment, *see* [Doc. 33 at 2–7 (discussing service), 9–10 (same)], runs afoul of the Court's Practice Standards and its page limitations for motions, an issue about which the Court previously admonished Plaintiff, *see* [Doc. 30]; *see also* NYW Civ. Practice Standard 10.1(c)(1).

Even if the Court were to consider the incorporated statements, Plaintiff's Motion for Default primarily gives detail about the attempts to serve the Childerses and TLS with *the original Complaint*. See [Doc. 33 at 2–3, 9]. Neither the Motion for Default nor the returns of service related to *the Amended Complaint* provide sufficient detail for the Court to ascertain whether the requirements of Colorado Rule 4(k) were followed with respect to service of the Amended Complaint. *See* Colo. R. Civ. P. 4(k) (permitting service by "leav[ing] a copy in a conspicuous place," but only if "the person serving the process knows or has reason to identify the person who refuses to be served, identifies the documents being served, [and] offers to deliver a copy of the documents to the person who refuses to be served"); *see also* [Doc 28 (providing no narrative explanation supporting service "by posting" on Timothy Childers)]. Without a specific argument explaining why the attempts to serve the Amended Complaint comply with the specific

9

requirements of Rule 4(k), Plaintiff has not met its burden of demonstrating proper service.  *Lebahn*, 813 F.3d at 1308.

Accordingly, the Court cannot ascertain whether all Defendants were properly served with the Amended Complaint.  This provides an additional basis to deny the Motion for Default Judgment.  *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."); *Dappcentral, Inc. v. Guagliardo*, No. 21-cv-00809-PAB-SKC, 2022 WL 3920845, at *3 (D. Colo. Aug. 30, 2022) ("Without proper service, the Court lacks personal jurisdiction over a defendant.").  Plaintiff must address this issue in any forthcoming renewed motion for default judgment, including but not limited to ensuring that all Defendants have been properly served with the Amended Complaint (or any forthcoming amended pleading) or explaining why service of the Amended Complaint is not necessary.

### III.     "Official Capacity" Claims

Finally, Plaintiff purports to bring claims against Timothy and Debra Childers in their "official capacity as owner and/or manager" of TLS and against Jessica Schrum in her "official capacity as owner and/or manager" of Schrums.  [Doc. 14 at 1].  However, traditionally speaking, "official capacity" claims are brought against government actors.  Thus, it does not appear that the individual Defendants have an "official capacity" in which they may be sued.  *See Henard v. Shradder*, No. 21-cv-03123-LTB-GPG, 2022 WL 22247816, at *6 (D. Colo. July 6, 2022) ("[E]mployees of a private corporation are not state officials and, therefore, an official capacity claim cannot be asserted."), *report and recommendation adopted*, 2022 WL 22247817 (D. Colo. July 28, 2022); *Jones v. Barry*, 33 F. App'x 967, 971 n.5 (10th Cir. 2002) ("[T]he CCA defendants are not state actors,

10

and they do not have an 'official capacity' as that term is used under the Eleventh Amendment."). Moreover, even if the individual Defendants could be sued in their "official capacities," those claims would presumably be duplicative of the claims against TLS and Schrums. Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE** as to why, in addition to establishing subject matter jurisdiction, these official capacity claims should not be dismissed pursuant to Rule 12(b)(6) for failure to state a cognizable claim. To the extent that Plaintiff asserts a theory of piercing the corporate veil to attach liability to the individual Defendants, such theory and any supporting facts should be expressly set forth.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Second Motion for Default Judgment of All Defendants [Doc. 36] is **DENIED without prejudice**; and

(2) On or before **April 21, 2025**, Plaintiff shall **SHOW CAUSE**, in writing, why this case should not be dismissed without prejudice for lack of subject matter jurisdiction and why, even if subject matter jurisdiction exists, Plaintiff's "official capacity" claims against the individual Defendants should not be dismissed for failure to state a cognizable claim.

DATED: April 7, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge